WILLIAM EWING v. THE STATE.

*No. 3106.    Decided March 21.*

ON MOTION FOR REHEARING.

1. **Theft of Cattle—Evidence.**—Defendant being on trial for the theft of a steer, the State, over his objections, was permitted to prove that defendant had in his possession a large quantity of fresh beef; that his lawful right thereto was challenged, and he was asked to explain his possession of it. He defiantly answered that "he had stolen it, and if they did not believe he had stolen it, to prove it." *Held*, that the testimony was competent, and the court did not err in admitting it.

2. **Same—Charge of the Court.**—With reference to the above stated testimony, the court instructed the jury as follows: "If you find that certain fresh beef was found in the possession of the defendant, and when called upon to explain how he acquired such possession he explains it otherwise than by the unlawful acquisition thereof, and his explanation is a reasonable and probably true one, then in such case the defendant should be acquitted, unless the prosecution has proven such explanation of possession is false." This instruction was excepted to by the defendant at the proper time, and a bill of exception reserved. *Held*, the instruction was misleading, and unauthorized by the evidence. The testimony upon which it was based is inculpatory and not exculpatory, while said instruction is based upon the theory that it is exculpatory.

3. **Same—Confessions.**—The court charged the jury that confessions of a defendant going to show his guilt must be taken with great caution; that confessions, unless

voluntarily and freely made, without inducement, etc., should be discarded. This charge as to confessions had reference to the testimony above stated. *Held*, the charge is erroneous. The defendant did not confess that he stole the steer he was charged with stealing. His confession that he stole the beef found in his possession was not a confession that he stole the steer. The charge should have limited the effect of the testimony as to his confession, and assigned to it its proper office in the case.

APPEAL from Gonzales County. Tried below before Hon. George McCormick.

The indictment charges the defendant with the theft of "one animal of the species of neat cattle," the property of W. R. McCollum. The evidence shows that the animal referred to in the indictment was a five-year-old steer. Defendant was found guilty and his punishment assessed at two years confinement in the penitentiary.

The opinion states the case sufficiently as to the questions determined.

*Atkinson & Abernathy*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—On a former day of this term the judgment in this cause was affirmed. The appellant has filed and submitted for consideration a motion for rehearing, in which, for the reasons stated, he asks that the affirmance be set aside and the judgment be reversed and the cause remanded for another trial.

It is only necessary to notice two of the grounds of the motion, the others not being well taken.

Upon the trial below the court correctly permitted evidence of the appellant's statement to Tripp and Hopkins. They testified to the fact that defendant had in his possession a large quantity of fresh beef, and that they challenged his lawful right thereto, and demanded an explanation of him as to where he obtained it. He was asked where he got so much beef, and he defiantly said, "he stole it, and if we did not believe that he stole it, to prove it."

Upon this phase of the case, the court charged the jury as follows, viz.: "If you find that certain fresh beef was found in the possession of the defendant, and when called upon to explain how he acquired such possession he explains it otherwise than by the unlawful acquisition thereof, and his explanation is a reasonable and probably true one, then in such case the defendant should be acquitted, unless the prosecution has proven such explanation of possession is false."

The testimony, if true, was a confession of guilt on the part of defendant of the theft of the beef about which the statement was made. It was inculpatory, and not exculpatory. The court's charge was upon

the theory of exculpatory evidence, and instructed the jury that they should acquit if the explanation of possession was "otherwise than by the unlawful acquisition thereof." This evidence was not exculpatory in its nature, but admitted the "unlawful acquisition" of the beef found in his possession. The charge was misleading in its nature.

Again, the statement made to Tripp and Hopkins did not authorize the charge given as to defendant's explanation of his possession. His statement was that he obtained the beef by fraudulent means, and not otherwise. This charge should not have been given. The evidence did not authorize it, and it was promptly excepted to at the time by the defendant.

The court charged the jury that confessions of a defendant going to show his guilt must be taken with great caution. The court further charged the jury that confessions, unless voluntarily and freely made, and without inducement, etc., should be discarded by the jury.

In charging upon confessions the court should have limited such confessions to their proper office in this case. The statement made to Tripp and Hopkins, if treated as an admission or confession of guilt, can only be so treated with reference to the beef hanging up at defendant's house at the time the statement was made, and about which the parties were talking. The subject matter of the confession and the confession itself must be taken together. The statement of defendant was not an admission that the beef was any portion of the cow of McCollum; nor was it an admission that he had stolen McCollum's cow; nor does it appear he intended to convey the idea that he had had any connection with the cow which he was afterward charged with stealing. This evidence or statement can not be used as testimony to directly convict defendant with the taking of McCollum's cow. The cow being stolen, it was competent to show defendant committed the theft, by any fact or circumstance that tended to prove his connection with the theft. His possession of fresh beef, unexplained, is legitimate evidence to so prove. But his statement, as quoted, can not be used to show the beef was a portion of the animal that McCollum lost. The *corpus delicti* can not be so proven. Whenever the State proves that the beef found in defendant's possession was a portion of the McCollum cow, then his statement that he stole it may be used against him as an admission that he took McCollum's cow. But the mere admission of the theft of fresh beef does not carry with it the idea that the said beef was from any particular animal. In the charge on confessions the court should have limited the effect of this evidence, and assigned to it its proper office in the case.

The motion for rehearing is granted, the judgment reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.